# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RANDALL S. DESJARDIN,
                    Appellant,

                v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
SF-0353-16-0641-I-1

DATE: February 23, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Randall S. Desjardin</u>, Grove, Oklahoma, pro se.

<u>Michael R. Tita</u>, Esquire, Sandy, Utah, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Vice Chairman Harris recused herself and
did not participate in the adjudication of this appeal.

## FINAL ORDER

¶1      The agency has filed a petition for review and the appellant has filed a cross petition for review of the initial decision, which granted, in part, the appellant's request for restoration. Generally, we grant petitions such as these only in the following circumstances:  the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for granting the petition for review or cross petition for review.  Therefore, we DENY the petition for review and the cross petition for review.  However, for the reasons discussed below, we VACATE the initial decision and DISMISS this appeal for lack of jurisdiction.

## BACKGROUND

¶2      The agency employs the appellant as a City Carrier.  Initial Appeal File (IAF), Tab 1 at 8.  On June 22, 2016, he submitted a written request to the agency's local injury compensation manager to return to work following an absence due to a compensable injury and a Form CA-17 (Duty Status Report) completed by his doctor that listed his medical restrictions.  IAF, Tab 7 at 80-81. In his request, the appellant stated that he believed he could case mail, work "dutch doors," and perform union steward duties.[2]  *Id.* at 80.  According to the Form CA-17, the appellant could return to work with the following restrictions: intermittent lifting of not more than 10 pounds; alternate sitting and standing every 15 minutes; standing in one spot for no more than 3 minutes; using wheeled

---

[2] As noted in the initial decision, "casing" mail is the task a mail carrier undertakes each morning of sorting his mail prior to delivering his route.  IAF, Tab 82, Initial Decision at 2 n.2.  "Dutch door" duties consist of the following:  assisting customers to pick up their Post Office box keys; retrieving customer parcels, packages and certified mail; and performing a variety of office functions, such as retrieving overflow mail, picking up "hold" mail from carrier cases, and researching changes of address.  *Id.*

carts when pushing or pulling; intermittent pushing, pulling, grasping, and reaching above shoulder level; and no driving, climbing, twisting, bending or stooping.[3] *Id.* at 81.

¶3     On July 21, 2016, the appellant filed this appeal alleging the agency had failed to respond to his June 22, 2016 restoration request. IAF, Tab 1 at 5. He also alleged that the agency had discriminated against him on the basis of disability, failed to reasonably accommodate him, and retaliated against him for his equal opportunity employment and prior Board filings. *Id.*

¶4     On July 26, 2016, the agency conducted a search of the local commuting area (LCA) for available work within the appellant's medical restrictions. IAF, Tab 7 at 27, 29-79. On August 5, 2016, the agency notified the appellant that it had conducted a search for available work within his medical restrictions in all crafts and on all tours, both within facility and throughout the LCA, but that it was unable to identify any such work. *Id.* at 23-25. By separate letter sent to the appellant that same day, the Customer Service Manager confirmed that the agency was unable to find work within his medical restrictions. *Id.* at 22. He stated that, in addition to a search at the facility and within the LCA, he had considered the appellant's requests to perform casing, dutch door, and union steward duties. *Id.* He informed the appellant that union steward duties were not assignable through the return-to-work process and that dutch door duties were not available and, in any event, were beyond the appellant's medical restrictions. *Id.* Although he indicated that casing duties were available, his preliminary conclusion was that those duties also were beyond the appellant's medical restrictions. *Id.* He informed the appellant, however, that he had requested a worksite evaluation of the activities associated with casing mail and would wait to make a final determination upon receipt of the worksite evaluation report. *Id.*

---

[3] While the appellant's treating physician checked the box indicating that the appellant could drive intermittently, his handwritten notes on the form stated "no driving." IAF, Tab 7 at 81.

¶5      On August 8, 2016, an Occupational Health Nurse Administrator for the agency performed a worksite evaluation to assess the physical requirements of performing carrier office duties, including casing mail and performing dutch door duties. IAF, Tab 7 at 18-20. After reviewing the worksite evaluation, the Customer Services Manager made a final determination that the appellant would be unable to perform either the casing or dutch door duties given his medical restrictions. *Id.* at 12. The agency did not offer any work to the appellant in response to his June 22, 2016 request for restoration.

¶6      In an order on jurisdiction, the administrative judge informed the appellant of his jurisdictional burden to nonfrivolously allege that he had partially recovered from a compensable injury and that the agency arbitrarily and capriciously denied his request to return to work. IAF, Tab 2 at 2-4. In response, the appellant argued, in relevant part, that the agency's denial of his request for restoration was arbitrary and capricious because there was work available that he could perform, including casing mail, dutch door, and union steward duties. IAF, Tab 4. The administrative judge found that these allegations were sufficient to establish jurisdiction. IAF, Tab 15 at 2.

¶7      After holding the appellant's requested hearing, the administrative judge issued an initial decision granting, in part, the appellant's request for restoration. IAF, Tab 82, Initial Decision (ID). She found that the agency's search for work was adequate and that its 1-month delay between receiving the Form CA-17 and conducting the search was not unduly long. ID at 7-9. The administrative judge rejected the appellant's argument that the agency was required to assign him to perform union steward duties as part of its restoration obligation. ID at 10-12. She also found that the agency did not act arbitrarily and capriciously in denying the appellant's request to perform dutch door or other office duties, such as boxing mail and lobby assistant duties, because these duties involved almost constant standing and walking and, in any event, he did not demonstrate that any such work was available. ID at 14-15. However, she found that the agency's

denial of the appellant's request to perform casing duties was arbitrary and capricious because he previously performed casing duties while under similar medical restrictions and because he provided credible testimony that there were certain accommodations and physical adjustments that would allow him to perform casing duties within his restrictions. ID at 13-14, 16. She also found that there was a significant amount of casing work available during the relevant time period and ordered the agency to retroactively restore the appellant to a 6-hour per day modified duty assignment casing mail. ID at 16-17, 31. She addressed the appellant's claims of discrimination, retaliation, and harmful procedural error but found no merit to any of these claims. ID at 17-30.

¶8 The agency has filed a petition for review of the initial decision, the appellant has responded, and the agency has replied. Petition for Review (PFR) File, Tabs 1, 5, 8. The appellant has also filed a cross petition for review, and the agency has responded.[4] PFR File, Tabs 5, 9.

## ANALYSIS

¶9 The Federal Employees' Compensation Act and the implementing regulations of the Office of Personnel Management (OPM) at 5 C.F.R. part 353 provide, inter alia, that Federal employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions. *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 9 (2016); *see* 5 U.S.C. § 8151(b). Under OPM's regulations, such employees have different substantive rights based

---

[4] On review, the appellant asserts that he has evidence that was not previously available. PFR File, Tab 5 at 24-33. We have reviewed the documents but find that the appellant has not shown that those documents were unavailable prior to the close of the record below, despite his due diligence. Therefore, the Board will not consider them. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). Regarding the sworn statement submitted with the petition for review, although the statement is dated after the close of the record below, the appellant has not shown that the information contained in the document, not just the document itself, was unavailable despite his due diligence. PFR File, Tab 5 at 31-32; *see Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989); 5 C.F.R. § 1201.115(d).

on whether they have fully recovered, partially recovered, or are physically disqualified from their former or equivalent positions. *Kingsley*, 123 M.S.P.R. 365, ¶ 9; 5 C.F.R. § 353.301. Partially recovered employees, like the appellant, are those who, "though not ready to resume the full range" of duties, have "recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements." *Kingsley*, 123 M.S.P.R. 365, ¶ 9; 5 C.F.R. § 353.102.

¶10    The Board has jurisdiction to review whether an agency's denial of restoration to a partially recovered employee was arbitrary and capricious. *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1103-04 (Fed. Cir. 2011), *superseded in part by regulation on other grounds as stated in Kingsley*, 123 M.S.P.R. 365, ¶ 10; 5 C.F.R. § 353.304(c). Thus, to establish jurisdiction over a claim of denial of restoration as a partially recovered employee, an appellant is required to make nonfrivolous allegations of the following: (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of him; (3) the agency denied his request for restoration; and (4) the denial was arbitrary and capricious because of the agency's failure to perform its obligation under 5 C.F.R. 353.301(d) to search within the local commuting area for vacant positions to which it can restore the employee and to consider him for any such vacancies.[5] *See Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 12 (2016); 5 C.F.R. § 1201.57(a)(4), (b). Once an appellant establishes jurisdiction, he is entitled to a hearing at which he must prove the merits of his restoration appeal,

---

[5] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

i.e., all four of the above elements, by a preponderance of the evidence.[6] *Kingsley*, 123 M.S.P.R. 365, ¶ 12; 5 C.F.R. § 1201.57(c)(4).

¶11     Here, it is undisputed that the appellant satisfied the first three elements. IAF, Tab 7 at 80-84, Tab 15 at 2; ID at 6.  Regarding the fourth criterion, the administrative judge found that the appellant's allegation that there were dutch door, casing, and union steward duties available at the facility that he could perform constituted a nonfrivolous allegation that the agency's denial of restoration was arbitrary and capricious.[7]  IAF, Tab 15 at 2.  On the merits, she concluded that the appellant proved that the agency's denial of his request for restoration was arbitrary and capricious insofar as it failed to offer him 6 hours of work per day casing mail at the facility.  ID at 16-17.  The administrative judge's finding that the agency's failure to offer the appellant available work that he could perform, regardless of whether the duties constituted an established vacant position, rests on the Board's decision in *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400 (2012).  ID at 5-6.  In *Latham*, the Board held that, when an agency voluntarily assumes restoration obligations beyond the "minimum" requirements of 5 C.F.R. § 353.301(d), the agency's failure to comply with those agency-specific requirements is arbitrary and capricious for purposes of establishing Board jurisdiction.  *Id.*, ¶¶ 12, 14, 26.  As the Board in *Latham* recognized, the Postal Service's rules obligate it to offer modified assignments when the work is available regardless of whether the duties constitute those of an established position.  *See Latham*, 117 M.S.P.R. 400, ¶ 41.  Thus, under existing

---

[6] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

[7] The administrative judge also stated, in part, that the appellant alleged that the agency "has work available for him at the [facility] consisting of his former route (route 2995)."  IAF, Tab 15 at 2.  To be clear, the appellant alleged that the "work [he] identified were [e]ssential [f]unctions of [his] assigned position ([route] 2995)," not, as the administrative judge appeared to state, that he could perform the essential duties of his prior position.  IAF, Tab 4 at 6.

precedent, the administrative judge properly considered whether the agency properly searched for and provided available duties to the appellant regardless of whether the duties constitute those of an established position. ID at 10-16.

¶12    However, after the initial decision in this appeal was issued, the Board issued a decision in *Cronin v. U.S. Postal Service*, 2022 MSPB 13, overruling *Latham* and its progeny to the extent they held that a denial of restoration may be arbitrary and capricious on the basis of an agency's failure to comply with its self-imposed restoration obligations. *Id.*, ¶ 20. The Board in *Cronin* held that, although agencies may undertake restoration efforts beyond the minimum effort required by OPM under 5 C.F.R. § 353.301(d), an agency's failure to comply with self-imposed obligations cannot itself constitute a violation of 5 C.F.R. § 353.301(d) such that a resulting denial of restoration would be rendered arbitrary and capricious for purposes of establishing Board jurisdiction under 5 C.F.R. § 353.304(c). *Cronin*, 2022 MSPB 13, ¶ 20. Rather, as explained in *Cronin*, the issue before the Board is limited to whether the agency failed to comply with the minimum requirement of 5 C.F.R. § 353.301(d), i.e., to search within the local commuting area for *vacant positions* to which it can restore a partially recovered employee and to consider him for any such vacancies. *Id*. The Board in *Cronin* further held that, contrary to its prior suggestion in *Latham*, claims of prohibited discrimination or reprisal cannot serve as an "alternative means" of showing that a denial of restoration was arbitrary and capricious. *Id.*, ¶ 21. Because the Board issued *Cronin* while this appeal was pending, it is given retroactive effect and applies to this appeal. *See Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 18 n.8.

¶13    In light of *Cronin*, to establish jurisdiction over this appeal, the appellant must nonfrivolously allege that the agency failed to search within the local commuting area for *vacant positions* to which it can restore him and to consider him for any such vacancies. *Cronin*, 2022 MSPB 13, ¶ 20. The record reflects that the agency searched a 50-mile radius for work within the medical restrictions

identified in the appellant's June 14, 2016 Form CA-17 but that it did not identify any available positions. IAF, Tab 7 at 27, 29-79, 81. The appellant has not challenged the scope of the LCA or proffered any evidence that the agency's 50-mile radius search failed to encompass his LCA. ID at 9; PFR File, Tab 5. In addition, he has not alleged that there were any vacant funded positions within his restrictions, either in the facility or LCA, to which he could have been assigned. IAF, Tab 4; PFR File, Tab 5. Rather, as noted above, he argues that there was work available—namely, casing, dutch door, and union steward duties—that he could have performed but that the agency failed to find and offer him these duties. IAF, Tab 4; PFR File, Tab 5 at 8-18. Under *Cronin*, however, this contention does not constitute a nonfrivolous allegation that the denial of restoration was arbitrary and capricious because these duties do not constitute the essential functions of an established position.[8] *See Cronin*, 2022 MSPB 13, ¶ 20.

¶14 As noted in the initial decision, the appellant also argued that the search was defective because it did not specifically identify the duties he believed he could perform. ID at 9. As the administrative judge correctly found, however, the agency is required only to search for available positions within the appellant's medical restrictions; there is no requirement that the agency identify the specific duties an employee wishes to perform in its search for work. *Id.*; 5 C.F.R. § 353.301(d). Moreover, under *Cronin*, the agency's failure to search for work that does not constitute the essential functions of an established position would not render a resulting denial of restoration arbitrary and capricious. *See Cronin*, 2022 MSPB 13, ¶ 20.

¶15 The appellant also argues that the agency's delay in conducting the search for work constitutes an arbitrary and capricious denial of restoration. In the initial decision, the administrative judge found that agency's delay between

---

[8] As the administrative judge correctly found, union duties are not themselves a position to which the appellant could have been reassigned. ID at 10-12. 9-11; *Desjardin*, 2023 MSPB 6, ¶ 19, n.10.

receiving the updated Form CA-17 on June 22, 2016, and conducting a search for work on July 26, 2016, was not unduly long. ID at 7. On review, the appellant argues that the agency received a Form CA-17 returning him to work with restrictions on May 27, 2016, and delayed 2 months, rather than 1 month, before conducting the search.[9] PFR File, Tab 5 at 8. Although an agency's delay in conducting a work search when work is "clearly available" or when the delay is "extreme and unexplained" may constitute an arbitrary and capricious denial of restoration, a 2-month delay is not extreme. *Chen v. U.S. Postal Service*, 114 M.S.P.R. 292, ¶¶ 3, 5, 11 (2010) (finding a 3-month delay between when an employee is placed off work and the completion of a search was not "very lengthy"), *overruled on other grounds by Latham*, 117 M.S.P.R. 400, ¶ 10. Moreover, the appellant has not alleged that there was a vacant position "clearly available," as required under *Cronin*, only that there were various duties available. Thus, the appellant's contention regarding the agency's 2-month delay does not constitute a nonfrivolous allegation that the agency arbitrarily and capriciously denied him restoration.

¶16    In sum, the agency properly searched within the local commuting area for vacant positions to which it could restore the appellant but was unable to find any vacant funded position within his restrictions. Therefore, we find that the agency has fulfilled its minimum obligations under 5 C.F.R. § 353.301(d) and that the appellant has failed to nonfrivolously allege that his denial of restoration was arbitrary and capricious. Accordingly, we VACATE the initial decision and find that the Board lacks jurisdiction over the appellant's partial restoration appeal. In the absence of an otherwise appealable action, we also lack jurisdiction to address

---

[9] The record reflects that an Office of Workers' Compensation (OWCP) Rehabilitation Counselor contacted the manager of the agency's local Health and Resource Management Department on May 27, 2016, to inform her that OWCP had determined that the appellant could return to work and faxed her an April 12, 2016 Form CA-17 reflecting that the appellant could return to work with restrictions. IAF, Tab 10 at 14, Tab 11 at 15, Tab 65 at 14.

the appellant's claims of discrimination and retaliation.  *See Cronin*, 2023 MSPB 6, ¶ 22.

## NOTICE OF APPEAL RIGHTS[10]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[11] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                           /s/ for
                                    Jennifer Everling
                                    Acting Clerk of the Board
Washington, D.C.